IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-02670-CMA-MEH

BIG O TIRES, LLC, a Nevada limited liability company
   f/k/a BIG O TIRES, INC. a Colorado corporation,

   Plaintiff,

v.

T&B TIRE, INC, a Utah corporation,
TRAVIS L. BAIRD, and
BABETTE BAIRD,

   Defendants.

## ORDER REGARDING MOTION DEFAULT JUDGMENT

This matter is before the Court on Plaintiff Big O Tires, LLC's Motion for Default Judgment (Doc. # 14) and Notice of Errata and Supplementation to the Motion for Default Judgment (Doc. #16). Defendants T&B Tire, Inc., Travis L. Baird and Babette Baird have failed to respond or otherwise defend this lawsuit. Accordingly, the Court has taken notice of the errata and supplementation and hereby ORDERS that the Motion for Default is GRANTED.

The Court further FINDS and ORDERS as follows:

1. Big O Tires, LLC f/k/a Big O Tires, Inc. ("Big O") and T&B Tires, Inc. ("T&B") entered into a franchise agreement in September 1, 2000 ("Franchise Agreement").

2. Travis L. Baird and Babette Baird guaranteed each covenant in the Franchise Agreement.

3. This Court has subject matter jurisdiction pursuant to § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, as this matter involves a federal question relating to trademarks and unfair competition.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the Defendants consented to venue in Denver, Colorado.

5. Personal jurisdiction is proper in Colorado, as Defendants consented to jurisdiction in Colorado.

6. Default judgment is hereby entered against Defendants T&B Tire, Inc., Travis L. Baird and Babette Baird.

7. Judgment is hereby entered in favor of Plaintiff Big O Tires, Inc. and against Defendants T&B Tire, Inc., Travis L. Baird and Babette Baird, jointly and severally, in the following amounts:

    a. $338,378.50 for past due accounts receivables, royalties and advertising expenses;

    b. $10,846.65 in pre-judgment interest, calculated at 18% per annum, at a per diem of $166.87;

    c. $3,018.00 in attorneys' fees, pursuant to section 27.02 of the Franchise Agreement and pursuant to the terms of the Personal Guaranties executed by Travis L. Baird and Babette Baird;

    d. $964.14 in costs, pursuant to section 27.02 of the Franchise Agreement, and pursuant to the terms of the Guaranties of Franchisee's Agreements executed by Travis L. Baird and Babette Baird;

These amounts total $353,207.29. Post-judgment interest shall accumulate at 18% per annum from the date of this Order until such judgment is satisfied in full.

8. Big O owns the following service and trademarks (collectively the "Marks"):

    a. BIG O, Registration Number 994,466, registered October 1, 1974;

    b. BIG O TIRES and design, Registration Number 1,611,160, registered August 28, 1990;

    c. BIG O TIRES and design, Registration Number 2,834,058, registered April 20, 2004

    d. BIG O TIRES and design, Registration Number 2,821,053, registered March 9, 2004;

    e. WWW.BIGOTIRES.COM, Registration Number 2,514,975, registered December 4, 2001;

    f. A REPUTATION YOU CAN RIDE ON, Registration Number 1,845,544, registered February 22, 1993; and

    g. BIG FOOT 60, Registration Number 1,102,058, registered September 12, 1978.

9. Big O also has a trade dress that consists of the overall layout of franchised locations including decorative maroon, black and white stripes, a red and white interior and various point of purchase materials and displays (collectively the "Trade Dress") that its franchisees use.

10. By virtue of the Franchise Agreement, Big O licensed T&B to, among other things, use the Marks and Trade Dress.

11. On November 6, 2008, Big O terminated the franchise rights of T&B for uncured monetary defaults and accordingly T&B's license to use the Marks. Nevertheless, T&B continued to use the Marks and Trade Dress. Therefore, Defendants are enjoined as follows:

- a. Pursuant to 15 U.S.C. § 1116, Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with T&B who receive actual notice of this order by personal service or otherwise are enjoined from engaging in the following acts in Utah and the United States or in foreign commerce:

    - i. Using the Marks and Trade Dress in the advertising or sale of tires and automotive services;

    - ii. Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks or Trade Dress;

    - iii. Otherwise infringing the Marks or Trade Dress;

    - iv. Unfairly competing with Big O, diluting the distinctiveness of Big O's well known Marks and Trade Dress and otherwise injuring Big O's business reputation in any manner;

    - v. Publishing any telephone listings using the Marks and any other name containing words confusingly similar with the Marks.

- b. Pursuant to 15 U.S.C. § 1116 and applicable contractual provisions in the Agreement, Defendants are required to assign Big O T&B's business telephone numbers and customer lists; and

- c. Pursuant to 15 U.S.C. § 1118, Defendants are directed to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of Defendants, that use the Marks or Trade Dress;

4

12. Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of this order by personal service or otherwise are enjoined from directly or indirectly engaging in any business, which offers or sells tires, wheels, shock absorbers automotive services, or other products and services that compete with Big O within a 10-mile radius of 3190 Wall Avenue, Ogden, Utah 84401, for a period of two (2) years pursuant to section 17.04 of the Franchise Agreement. The covenant not to compete two-year period shall start on the date that Defendants are enjoined from competing or stop competing with Big O, whichever is later.

13. Defendants are required to return to Big O all manuals and proprietary materials of Big O.

DATED: January 30, 2009

BY THE COURT:

*(signature)*

CHRISTINE M. ARGUELLO
United States District Judge